**FILED**
CLERK, U.S. DISTRICT COURT

3/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>SAMUEL FAHMIE,<br><br>          Defendant. | No. 8:22-cr-00029-JVS<br><br>**I N D I C T M E N T**<br><br>[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

### COUNT ONE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about November 30, 2018, in Orange County, within the Central District of California, defendant SAMUEL FAHMIE knowingly possessed at least one video of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer,

and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos were child pornography.

The child pornography that defendant FAHMIE possessed consisted of the following videos titled:

(1) "(Pthc) Pedo Boy Gay p101-Mikael – Incest Part 02.avi"; and

(2) "Pthc Pedoland Frifam 9Yo French Girl 2010.avi."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about December 2, 2018, in Orange County, within the Central District of California, defendant SAMUEL FAHMIE knowingly possessed at least one video of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the video was child pornography.

The child pornography that defendant FAHMIE distributed consisted of a video titled "2016-06 – Omegle – Girl d1947 (New).avi."

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about February 14, 2019, in Orange County, within the Central District of California, defendant SAMUEL FAHMIE knowingly possessed a Seagate hard drive, bearing serial number 3ND2CKQC, that contained at least one video and image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which videos and images involved a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos and images were child pornography.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

5

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

\_\_\_\_\_/S/_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

JAKE D. NARE
Assistant United States Attorney
Santa Ana Branch Office